UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL ANTHONY EVANS, TDCJ #00497500, | § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. H-19-680 |
| LORIE DAVIS, | § § § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER**

Petitioner, Michael Anthony Evans (TDCJ #00497500), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Evans filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge the calculation of his sentence, contending that his flat time served, together with his work time credits, exceed his 40-year sentence for murder. Respondent has filed a motion for summary judgment (Doc. No. 13), and Evans has filed a response in opposition (Doc. No. 15). After carefully considering the petition, motion for summary judgment, response, record, and applicable law, the Court concludes that this petition must be dismissed for the reasons that follow.

**I.      BACKGROUND**

On October 21, 1988, Evans was convicted of two counts of murder in Harris County cause number 506722 and sentenced to 40 years of imprisonment on both counts. (Doc. No. 1 at 2). On direct appeal, the state intermediate appellate court affirmed count two and reversed and remanded count one. *See Evans v. State*, 781 S.W.2d 376 (Tex. App.—Houston [14th Dist.] 1989, pet ref'd). On remand, the trial court reduced the first count of murder to involuntary

manslaughter and assessed a punishment of five years' imprisonment for that count.[1] Evans has discharged the involuntary manslaughter sentence for count one but is still serving his 40-year sentence for count two.[2] Evans does not challenge his murder conviction here. In a single ground for relief, Evans claims that he is being illegally restrained because he has accumulated over 14 years of work time credit, which, together with his 31 years of calendar time served, exceed his 40-year sentence for murder.

Evans submitted a Time Dispute Resolution Form to challenge his continued confinement after he was denied parole on July 11, 2018.[3] On August 17, 2018, TDCJ advised Evans that he was not eligible for early release and that he must either make parole or discharge his sentence.[4] Evans then filed an application for a writ of habeas corpus in state court asserting his time calculation claim.[5] The Texas Court of Criminal Appeals denied his application without written order on February 6, 2019,[6] and this federal petition timely followed.

Respondent moves for summary judgment, contending that the Texas Court of Criminal Appeals properly denied habeas relief because the TDCJ has correctly calculated Evans's 40-year sentence. Evans was placed in custody on April 27, 1988, the same day he committed the murder offense.[7] TDCJ has calculated Evan's current discharge date as April 27, 2028, 40 years after his sentence began.[8] At issue is whether TDCJ must credit Evans's work time credits towards his 40-year sentence.

---

[1] See Doc. No. 14-8 at 49 ¶ 4 (Findings of Fact). In this Memorandum and Order, citations to the record track the pagination stamped at the top of the page by the CM/ECF system.
[2] See Doc. No. 13-1 (Ex. A) ("Valdez Affidavit").
[3] Doc. No. 14-8, at 8; Valdez Affidavit.
[4] Valdez Affidavit at 5.
[5] Doc. No. 14-8 at 5-21.
[6] Doc. No. 14-6 (Action Taken Sheet).
[7] Doc. No. 14-4 at 49, 51.
[8] Valdez Affidavit at 2.

## II. STANDARD OF REVIEW

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The moving party bears the burden of initially raising the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant. *United States v. Houston Pipeline Co.*, 37 F.3d 22 4, 227 (5th Cir. 1994).

While Rule 56 of the Federal Rules regarding summary judgment applies generally "with equal force in the context of habeas corpus cases," *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), it applies only to the extent that it does not conflict with the habeas rules. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

The writ of habeas corpus provides an important, but limited, examination of an inmate's conviction and sentence. *See Harrington v. Richter*, 562 U.S. 86, 103 (2011) (noting that "state courts are the principal forum for asserting constitutional challenges to state convictions"). The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified as amended at 28 U.S.C. § 2254(d), "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt"; it also codifies the

traditional principles of finality, comity, and federalism that underlie the limited scope of federal habeas review. *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quotations omitted).

AEDPA "bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in [28 U.S.C.] §§ 2254(d)(1) and (d)(2)." *Richter*, 562 U.S. at 98. "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id.* at 99. For AEDPA to apply, a state court need not state its reasons for its denial, nor must it issue findings, nor need it specifically state that the adjudication was "on the merits." *Id.* at 98-99.

To the extent that the petitioner exhausted his claims, they were adjudicated on the merits by state courts. This Court, therefore, can only grant relief if "the state court's adjudication of the merits was 'contrary to, or involved an unreasonable application of, clearly established Federal law.'" *Berghuis v. Thompkins*, 560 U.S. 370, 378 (2010) (quoting 28 U.S.C. § 2254(d)(1)). The focus of this well-developed standard "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). Where a claim has been adjudicated on the merits by the state courts, relief is available under § 2254(d) *only* in those situations "where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" Supreme Court precedent. *Richter*, 562 U.S. at 102.

Whether a federal habeas court would have, or could have, reached a conclusion contrary to that reached by the state court on an issue is not determinative under § 2254(d). *Id.* ("even a strong case for relief does not mean that the state court's contrary conclusion was unreasonable."). Thus, AEDPA serves as a "guard against extreme malfunctions in the state

criminal justice systems," not as a vehicle for error correction. *Id.* (citation omitted); *see also Wilson v. Cain*, 641 F.3d 96, 100 (5th Cir. 2011). "If this standard is difficult to meet, that is because it was meant to be." *Richter*, 562 U.S. at 102.

"Review under § 2254(d)(1) focuses on what a state court knew and did." *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011). Reasoning that "[i]t would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court," *Pinholster* explicitly held that "[i]f a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Id.* at 185. Thus, "evidence introduced in federal court has no bearing on § 2254(d)(1) review." *Id.*

Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir.1999). Thus, *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines*, 404 U.S. at 521. Nevertheless, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

### III. DISCUSSION

Evans contends that his flat calendar time (about 31.5 years to date) plus his work time (about 14 years) exceed 40 years, and, therefore, his sentence is discharged and he should be released. Respondent correctly points out that, since 1977, Texas law has provided that good conduct time credits are "a privilege and not a right." *Hallmark v. Johnson*, 118 F.3d 1073, 1079 (5th Cir. 1997) (citing Tex. Civ. Stat. Ann. art. 6181-1, § 4 (Vernon 1988)); *see also* Tex.

Gov't Code Ann. § 498.003(a). Respondent contends that, under Texas law, good time and work time credits apply only to an inmate's eligibility for parole or mandatory supervision and do not actually reduce or otherwise affect the length of the sentence imposed. *See Ex parte Hallmark*, 883 S.W.2d 672, 674 (Tex. Crim. App. 1994); Tex. Gov't Code Ann. § 498.003(a)(West 2019).

Evans committed his offense on April 27, 1988. Under the law at the time of his offense, he is not eligible for mandatory supervision. *See* Tex. Code Crim. Proc. Art. 42.18 § 8(d)(1) (West 1988) (providing that an offender convicted of murder is not eligible for mandatory supervision). Because Evans is not eligible for release on mandatory supervision under Texas law, he has no cognizable claim in a habeas proceeding for loss of good time credits. *Madison v. Parker*, 104 F.3d 765, 769 (5th Cir.1997). The loss of good time credits does not affect a constitutionally protected right, but only the "mere hope" of release on parole, which is not protected by due process. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 11 (1979); *Johnson v. Rodriguez*, 110 F.3d 299, 305 (5th Cir.1997). Habeas petitioners do not have a constitutional right to early release from prison. *See Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995).

Evans does not contest that he is not eligible for mandatory supervision and contends that he does not seek that relief. He also states that he is not arguing about good time credits, parole, or mandatory supervision in this proceeding.[9] Rather, he contends that "work credits" are something earned and not a privilege and should be treated as calendar time.[10] Evans contends that good time credits and work credits are different and disagrees with Respondent's treatment of good time credits and work credits as having the same effect on a prisoner's sentence.

---

[9] *See* Doc. No. 15 at 4.
[10] *Id.* at 3-4.

The state habeas court considered and rejected Evans's argument that his work credits must be applied to reduce his sentence, finding that he had only served around 30 years and seven months of his sentence at that time and that he failed to show that he was unlawfully confined.[11]

Under the AEDPA, federal habeas relief is not proper unless a petitioner shows that the adjudication of his claim in state court (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). Moreover, a federal habeas court may not second-guess a state's interpretation of its own laws. *Weeks v. Scott,* 55 F.3d 1059, 1063 (5th Cir.1995).

In order for Evans to prevail on his claim, state or federal law must require prison officials to apply work credits to reduce the length of a sentence. Evans argues that all of the case law Respondent relies on concerns good time credits and mandatory supervision, which he claims are not at issue here. Evans asserts that there is no district court or Supreme Court case similar to his case (regarding work time credits), but contends that the State of Texas created a liberty interest in his work time credits because he had an expectation interest that his work credits would reduce his sentence.[12] Evans does not point to any federal or Texas constitutional or statutory provision requiring the application of work credits to reduce a state inmate's length of sentence.

Despite Evans's contentions to the contrary, federal district courts in Texas have noted that "[u]nder Texas law work-time credits are treated as good-time credits." *See, e.g., LaFoe v. Dretke,* No. 3:03-CV-1722-M, 2004 WL 287734, at *4 n.10 (N.D. Tex. Feb. 5, 2004) (citing

---

[11] Doc. No. 14-8 at 51 ¶¶ 15, 18 (Findings of Fact).
[12] Doc. No. 15 at 4.

Tex. Gov't Code § 498.003(d)); *Carson v. Quarterman*, No. 3:06-CV-0252-B, 2007 WL 136328, at *3 n.2 (N.D. Tex. Jan. 18, 2007); *Baker v. Johnson*, No. 3:01-CV-0042-X, 2001 WL 301395, at *2 n.3 (N.D. Tex. Mar. 27, 2001).

At its core, Evans is challenging the State's application of its own law that treats work time credits as good time credits. A challenge to a State's application or interpretation of its own law does not raise an issue appropriate for federal review. *See Weeks*, 55 F.3d at 1063; *Moreno v. Estelle*, 717 F.2d 171, 179 (5th Cir.1983), *cert. denied* 466 U.S. 975 (1984) (holding that it is not the function of federal habeas courts to review the state's interpretation of its own law); *see also Fox v. Dretke*, No. 2:05-CV-0305, 2006 WL 2583388, at *1 (N.D. Tex. Sept. 5, 2006) (holding that the petitioner's claim that his work credits entitled him to time off of his sentence was a matter of state law not appropriate for federal review).

Evans fails to show that the adjudication of his claim in state court resulted in a decision that was contrary to clearly established federal law or was otherwise unreasonable. Accordingly, Respondent is entitled to summary judgment on his claim.

### IV.   MOTIONS FOR DISCOVERY AND PRODUCTION

Evans has filed three motions seeking some form of discovery. (Doc. Nos. 8, 9, 12). Under the federal rules, discovery is limited in habeas proceedings. The Supreme Court has clarified that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Pinholster*, 563 U.S. at 181. Likewise, "Rule 6 of the Rules Governing § 2254 cases permits discovery only if and only to the extent that the district court finds good cause." *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000); *see also Hill v. Johnson*, 210 F.3d 481, 487 (5th Cir. 2000). Evans has not demonstrated that good cause exists for further discovery in his federal habeas case. Accordingly, Evans's motions for discovery and

production (Doc. Nos. 8, 9, 12) are denied.

## V.    CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. *See* 28 U.S.C. § 2253. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard*, 542 U.S. at 282 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether the court's ruling in this case was correct. Therefore, a certificate of appealability will not issue.

## VI. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. Respondent's motion for summary judgment (Doc. No. 13) is **GRANTED**, and this habeas petition is **DISMISSED** with prejudice.

2. Petitioner's motions for discovery (Doc. Nos. 8, 9, 12) are **DENIED**.

3. A certificate of appealability is **DENIED**.

4. All other pending motions, if any, are **DENIED**.

The Clerk shall provide a copy of this Order to the parties.

SIGNED at Houston, Texas, this 27th day of December 2019.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE